IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FREUD AMERICA, INC., | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 20-902-RGA |
| MILWAUKEE ELECTRIC TOOL CORPORATION, | ) |
| Defendant. | ) |

**JOINT MOTION FOR ENTRY OF FINAL JUDGMENT ON CONSENT**

Plaintiff Freud America, Inc. ("Freud") and Defendant Milwaukee Electric Tool Corporation ("Milwaukee Tool") (collectively, the "Parties"), having resolved the matters in issue between them, hereby jointly move for Entry of Final Judgment on Consent in the form attached hereto as Exhibit 1.

Freud is the registered owner of U.S. Trademark Registration No. 2,464,769 for "the color red as applied to the entire surface of the goods except the cutting edge and annular hub or shaft" covering "cutting tools for power woodworking machines, namely, shaper cutters, saw blades, router bits and forestner [SIC] bits" ("'769 Registration").

Milwaukee Tool petitioned to cancel the '769 Registration with the Trademark Trial and Appeal Board ("Board") of the United States Patent and Trademark Office ("USPTO") in a proceeding styled Opposition No. 92,059,634 ("Opposition") on the grounds that the mark is generic and the '769 Registration was obtained through fraud on the USPTO.

-2-

On December 2, 2019, the Board ordered the partial cancellation of the '769 Registration for "saw blades" on the ground that the mark is generic for those goods ("December 2, 2019 Decision").[1]

Freud appealed the portion of the December 2, 2019 Decision cancelling the '769 Registration to this Court pursuant to 15 U.S.C. § 1071(b) and requested that this Court reverse the December 2, 2019 Decision with respect to the order partially canceling the '769 Registration for "cutting tools for power woodworking machines, namely . . . saw blades" on the grounds of genericness. (D.I. 1).

Milwaukee Tool filed a Cross-Action in which it appealed the December 2, 2019 Decision not to cancel the '769 Registration on the ground that it was obtained through fraud on the USPTO, sought a declaratory judgment seeking cancellation of the '769 Registration on the ground that it was obtained through fraud on the USPTO, and sought a declaratory judgment that the '769 Registration should be cancelled on the ground of functionality ("Cross-Action") (D.I. 16).

The Parties have agreed to settle this case by filing the instant joint motion seeking a judgment in which this Court orders dismissal with prejudice of Milwaukee Tool's Cross Action, the amendment of the identification of goods in the '769 Registration to "cutting tools for power woodworking machines, namely, shaper cutters, <u>circular</u> saw blades, router bits, and Forstner bits; <u>none of the foregoing cutting tools being diamond abrasive blades, diamond abrasive discs,</u>

---

[1] In the December 2, 2019 Decision, the Board also ordered cancellation of Freud's U.S. Trademark Registration No. 4,028,314 (the "'314 Registration"), for the color red as applied to substantially the entire surface of blades for reciprocating power saws. Freud did not appeal the Board's cancellation of the '314 Registration, *see* D.I. 1 at 9n.2, and the Parties **do not** seek vacatur of the portion of the December 2, 2019 Decision cancelling the '314 Registration.

<u>or diamond abrasive wheels</u>" (amendments reflected in underline), and in light of the foregoing amendments, vacatur of the portion of December 2, 2019 Decision cancelling the '769 Registration in order to allow the '769 Registration, as amended, to remain on the Principal Register.

Pursuant to 15 U.S.C. § 1119 and 15 U.S.C. § 1071(b)(1), this Court has the authority to amend the '769 Registration and to order that the Board vacate the portion of the December 2, 2019 Decision cancelling the '769 Registration in light of the parties' settlement and joint motion. For example, in *Major League Baseball Props., Inc. v. Pac. Trading Cards, Inc.,* 150 F.3d 149 (2d Cir. 1998), Major League Baseball Properties ("MLB") sued Pacific Trading Cards alleging trademark infringement. The district court denied MLB's motion for preliminary injunction, and MLB appealed to the Second Circuit. *Id.* at 150. While the appeal was pending, the parties reached a settlement. *Id.* at 151. Part of that settlement involved the parties' joint request that the Second Circuit vacate the district court's order and opinion. *Id.* Defendant desired settlement to avoid the financial costs of defending the appeal and MLB desired settlement, but it needed vacatur to avoid the consequences of the district court's decision in future trademark litigation. *Id.* at 152. Because both parties sought a vacatur as part of the settlement, the Second Circuit vacated the district court's order and opinion. *Id.* The Second Circuit distinguished that case from the facts in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 29 (1994) (requiring a showing of "exceptional circumstances" for vacatur), on the ground that, unlike in *U.S. Bancorp* in which only one party to the settlement agreement sought vacatur and the other party opposed vacatur*,* "the victor in the district court wanted a settlement as much as, or more than, the loser did" and "the only damage to the public interest from such vacatur would be that the validity of MLB's marks would be left to future

litigation." *Major League Baseball Props.,* 150 F.3d at 152; *see also Bd. of Trustees of the Univ. of Alabama, v. Houndstooth Mafia Enterps. LLC*, 163 F. Supp. 3d 1150 (N.D. Ala. 2016) (granting order to enforce consent judgment requiring vacatur of precedential Board decision in light of the parties' settlement).

    The Parties to this case have demonstrated "exceptional circumstances" warranting amendment of the '769 Registration and vacatur of the portion of the December 2, 2019 Decision cancelling the '769 Registration. *U.S. Bancorp*, 513 U.S. at 29. As in *Bd. of Trustees of the Univ. of Alabama,* both of the Parties to this action desire to settle this matter by vacating a portion of a prior Board decision. The Parties jointly seek to amend the '769 Registration in a manner that narrows the scope of the registration to expressly exclude many of the third-party uses of the color red on goods that formed the basis of the Board's decision to cancel the '769 Registration. The Parties wish to avoid the further cost and expense of litigating this case but need the portion of the December 2, 2019 Decision cancelling the '769 Registration to be vacated, and the '769 Registration to be narrowed consistent with the proposed amendment, in order to do so. Significantly, the public interest would not be harmed by partial vacatur because all of the Parties to the cancellation proceeding will have resolved their dispute, and the '769 Registration, as amended, would be substantially narrowed and would remain subject to cancellation by any third party on any ground permitted under the Lanham Act.

    Accordingly, the Parties respectfully request that the Court vacate the portion of the December 2, 2019 Decision cancelling the '769 Registration and order the Board to amend the '769 Registration to "cutting tools for power woodworking machines, namely, shaper cutters, circular saw blades, router bits, and Forstner bits; none of the foregoing cutting tools being diamond abrasive blades, diamond abrasive discs, or diamond abrasive wheels."

| | |
|---|---|
| Dated: April 12, 2022 | Respectfully submitted, |
| /s/ *Pilar G. Kraman* | /s/ *Amy M. Dudash* |
| Pilar G. Kraman (No. 5199)<br>Young Conaway Stargatt & Taylor, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>pkraman@ycst.com<br><br>Thad Chaloemtiarana<br>Ashly I. Boesche<br>Jessica A. Ekhoff<br>Pattishall, McAuliffe, Newbury, Hilliard & Geraldson<br>200 S. Wacker Drive<br>Suite 2900<br>Chicago, Illinois 60606<br>312-554-7973<br>tc@pattishall.com<br>aib@pattishall.com<br>jae@pattishall.com<br><br>*Attorneys for Plaintiff Freud America, Inc.* | Amy M. Dudash (No. 5741)<br>Morgan Lewis & Bockius LLP<br>1201 N. Market Street<br>Suite 2201<br>Wilmington, DE 19801<br>amy.dudash@morganlewis.com<br><br>Jason C. White<br>Kathryn A. Feiereisel<br>Morgan Lewis & Bockius LLP<br>77 West Wacker Drive<br>Chicago, IL 60601<br>jason.white@morganlewis.com<br>katie.feiereisel@morganlewis.com<br><br>J. Kevin Fee<br>Jane W. Wise<br>Morgan, Lewis & Bockius LLP<br>1111 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br>kevin.fee@morganlewis.com<br>jane.wise@morganlewis.com<br><br>*Attorneys for Defendant Milwaukee Electric Tool Corporation* |